IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JACQUELINE SOPHIA JERNIGAN
PETTEY, Administrator of the Estate of
Jay Lawrence Jernigan                                                               PLAINTIFF

v.                                                        CIVIL ACTION NO. 2:19-CV-59-KS-JCG

MEDI SHARE                                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on Defendant's Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration filed on April 29, 2019 [3] and Plaintiff's Motion to Amend the Complaint [18]. Plaintiff filed his responses to Defendant's Motion on June 14, 2019 [20, 21].[1] Defendant has replied to both responses [25, 26]. Defendant also responded to the Motion to Amend [27, 28]. Having reviewed the parties' submissions, the relevant legal authority, and otherwise being duly advised in the premises, the Court finds that the claims in this case are required to be arbitrated and thus, Defendant's Motion to Compel Arbitration will be granted and all other motions dismissed as moot.

## I. BACKGROUND

On June 27, 2014, Plaintiff signed Defendant's Commitment to the Medi-Share Membership and Testimony Verification Form (the "Membership Form"). [4-2] at p. 5. The face of the Membership Form included the following provisions:

---

[1] The Court had ordered Plaintiff to refile his response because the initial response was wholly inadequate and was combined with another motion that requested leave to amend the Complaint. **See** Order at [17]; Initial Response at [16]. Plaintiff filed a new Motion to Amend the Complaint [18] then refiled his response to the Motion to Dismiss but included no accompanying memorandum of law [20] and filed a separate response to the alternative Motion to Compel Arbitration [21], which was accompanied by a brief memorandum [22].

1

> 1) I have carefully read and commit to abide by all provisions stated in the Medi-Share Guidelines. . . . .
>
> 2) I agree that in cases where all administrative appeals have been exhausted and after an appeal process, any and all remaining disputes will be settled safely as follows: by biblically-based mediation, not in a secular court. ***If resolution of the dispute and reconciliation does not result from mediation, the matter shall then be submitted to an independent and objective arbitrator for binding arbitration.*** I agree that suing fellow Christians, including Christian ministries, is contrary to scripture (1 Cor. 6:108); therefore, I will bring no suit, legal claim or demand of any sort against CCM in the civil court system, with the sole exception of enforcing any favorable arbitration award or mediated agreement.

*Id.* (emphasis added). The Medi-Share Guidelines issued by Defendant include the following provisions:

> **B. Sharing Appeal** A Member can appeal bill-sharing decisions with which they disagree. Before appealing, a Member should engage in careful thought and prayer about whether he or she honestly believes an error was made. Members have 90 days from the day the decision in question was made to request a review by CCM.
>
> A Member can issue an appeal if he or she believes:
> • the medical records were misread,
> • the Guidelines were misapplied, or
> • one or more of the Member's providers incorrectly recorded the medical history.
>
> After a review by CCM, if the Member disagrees with CCM's decision, the Member has 90 days to request a review by a Seven Member Appeal Panel. CCM and the Member will both submit a written position statement to the panel. A teleconference will be held where the panel can ask questions of both the Member and CCM. A simple majority vote (four out of seven) will carry the decision.
>
> **C. Biblically-Based Mediation and Arbitration** As Christians, the Members and the staff of Christian Care Ministry believe that the Bible commands them to make every effort to live at peace and to resolve disputes with each other in private or within the Christian community in conformity with the biblical injunctions of 1 Corinthians 6:1-8, Matthew 5:23-24, and Matthew 18:15-20. ***Therefore, the parties agree that any claim or dispute arising out of, or related to, this agreement or any aspect thereof, including claims under federal, state, local statutory or common law, the law of contract or law of tort, that may remain after a Member has exhausted his appeals provided for in Section XIII. B., including a determination whether this arbitration provision is valid, shall be settled by biblically-based mediation.*** The mediation shall be conducted in

accordance with the Rules of Procedure for Christian Conciliation of the Institute for Christian Conciliation, a division of Peacemaker Ministries (complete text of the rules is available at HisPeace.org), with each party to bear their own costs, attorney's fees and 50% of the mediator's fee, and with the mediation filing fee to be borne by CCM. *If resolution of the dispute and reconciliation do not result from mediation, the matter shall then be submitted to an independent and objective arbitrator for binding arbitration.* The parties agree that the arbitration process will also be conducted in accordance with the Rules of Procedure for Christian Conciliation, with each party to bear their own costs, attorney's fees, and 50% of the arbitrator's fee, and with the arbitration filing fee to be borne by CCM. Each party shall agree to the selection of the arbitrator. If there is an impasse in the selection of the arbitrator, the parties agree that the Institute for Christian Conciliation shall choose the arbitrator. *The parties agree that these methods of dispute resolution shall be the sole remedy for any controversy or claim arising out of this agreement, and they expressly waive their right to file a lawsuit against one another in any civil court for such disputes, except to enforce a legally binding arbitration decision.*

[4-1] at pp. 42-43 (emphasis added).

Plaintiff filed this lawsuit against Defendant,[2] asserting that he is entitled to reimbursement from Defendant of his medical expenses that resulted from a car accident. Much of Plaintiff's pleading is of a conclusory nature, claiming that the Defendant is an insurer who issued a policy of insurance, when the Guidelines are replete with statements that Defendants is not an insurance company and Medi-Share is not an insurer.[3] Defendant filed a Motion to Dismiss and, alternatively, to Compel Arbitration, which is now ripe for ruling. The Court finds that because arbitration is warranted, dismissal on other grounds is rendered moot.

## II. DISCUSSION

The Court follows a two-step inquiry to determine whether to compel arbitration. *JP Morgan Chase & Co. v. Conegie*, 492 F.3d 596, 598 (5th Cir. 2007). First, the Court determines

---

[2] Plaintiff sued "Medi-Share." According to the Defendant, Medi-Share is not a legal entity but rather the name of a product marketed by Christian Care Ministry, Inc., who Defendant contends is the proper defendant to the action. None of these assertions were rebutted by Plaintiff.

[3] *See* [4-1] at pp. 2, 7, 8, 11, 17, 39, 41, 48. In fact, on the first page of the Guidelines, it reads: **NOTICE: Medi-Share is not insurance or an insurance policy nor is it offered through an insurance company.**

3

"whether the parties agreed to arbitrate the dispute.""' *Id.* To determine whether the parties agreed to arbitrate, the Court considers two factors: "(1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* The Court applies "ordinary state-law principles that govern the formation of contracts." *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2003). Next, the Court must determine "whether any federal statute or policy renders the claim nonarbitrable." *Conegie*, 492 F.3d at 598.

The record demonstrates that Plaintiff signed a Membership Form, which not only itself contains an arbitration provision, but also binds Plaintiff to the provisions of the Guidelines, which also contains an arbitration provision—both of which require that "any and all remaining disputes" will be settled solely by first going to mediation and then if no resolution is reached in mediation, "the matter shall then be submitted to an independent and objective arbitrator for binding arbitration." [4-2] at p. 5. "The parties agree that these methods of dispute resolution shall be the sole remedy for any controversy or claim arising out of this agreement, and they expressly waive their right to file a lawsuit against one another in any civil court for such disputes, except to enforce a legally binding arbitration decision." [4-1] at p. 43.

Plaintiff did not substantively respond to Defendant's motion or articulate any challenge to the validity of the contract. He responded only, "That there was no arbitration agreement entered into by the parties and the parties should not be compelled to arbitrate." [21]. Thus, Plaintiff did not specifically dispute that he signed the Membership Form, nor did he argue that what was signed was unenforceable on some legal ground.

From the language of the Commitment Form and the Guidelines, the Court finds that *any* dispute between the parties is to be submitted through Defendant's alternative dispute resolution

channels, as is evidenced by Plaintiff's agreeing that "I will bring no suit, legal claim or demand of any sort against CCM in the civil court system, with the sole exception of enforcing any favorable arbitration award or mediated agreement." [4-2] at p. 5. Accordingly, this lawsuit falls within the scope of the arbitration provision, and Plaintiff has not identified any federal statute or policy rendering his claim non-arbitrable.

Therefore, the Court finds that there is a valid arbitration agreement between the parties, and that the Plaintiff's claims fall within the scope of that arbitration agreement. Accordingly, the Court **grants** Defendant's Motion to Compel Arbitration [3] and denies all other grounds to dismiss as moot. In addition, Plaintiff's Motion to Amend the Complaint [18] is also denied as moot. This case is **dismissed**, subject to reopening only in the event it becomes necessary to enforce the ultimate decision of the arbiter.

SO ORDERED AND ADJUDGED this 1st day of October 2019.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE